**DAVIDOFF HUTCHER & CITRON LLP**
Outgoing Attorneys for Rabbi Mayer Zaks
Individually
605 Third Avenue
New York, New York 10158
(914) 381-7400

ROBERT L. RATTET

-------------------------------------------------------------x
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MOSDOS CHOFETZ CHAIM INC., RABBI
MAYER ZAKS, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC.,SIMA WEINTRAUB,
derivatively on behalf of MOSDOS CHOFETZ
CHAIM INC., DANIEL ROSENBLUM, derivatively
on behalf of MOSDOS CHOFETZ CHAIM INC.,
JOSEPH GRUNWALD, derivatively on behalf of
MOSDOS CHOFETZ CHAIM INC., and YISROEL
HOCHMAN, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC.,

    21 cv. 2872 (PMH) & 21 cv.
    2878 (PMH)

                                                          **Plaintiffs,**

                              **-Against-**

MOSDOS CHOFETZ CHAIM INC., CHOFETZ
CHAIM INC., TBG RADIN LLC, SHEM OLAM
LLC., CONGREGATION RADIN
DEVELOPMENT INC., ARYEH ZAKS,
BEATRICE WALDMAN ZAKS, HENOCH
ZAKS, MENDEL ZAKS, GITTEL ZAKS
LAYOSH, SAMUEL MARKOWITZ and
STERLING NATIONAL BANK,

                                                          **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF ROBERT L. RATTET IN SUPPORT OF**
**ORDER RELIEVING DAVIDOFF HUTCHER & CITRON LLP**
**AS ATTORNEYS FOR MAYER ZAKS**

Robert L. Rattet, a member of Davidoff Hutcher & Citron LLP ("DHC"), the attorneys for Mayer Zaks in the above-referenced adversary proceeding), declares under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. This Motion seeks the entry of an order relieving DHC as attorneys for Appellant Mayer Zaks in the above bankruptcy appeals, and all associated litigation..

2. Robert L. Rattet is a partner of DHC and is duly admitted to practice before this Court. James B. Glucksman is Of Counsel to DHC. All of these individuals have performed professional services on behalf of the Mayer Zaks in this matter.

3. The circumstances of DHC's involvement in matters involving Mosdos Chofetz Chaim Inc. (the "Debtor"), limited to Adv. Proc. No. 20-8949 and the above-captioned appeals (the "Appeals") as defined herein are set forth in detail herein. Matters that have been pending before the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") are discussed in this Declaration since those are a significant part of the reason that withdrawal as counsel is warranted.

4. The only matter in which DHC is, or has ever been engaged with respect to any matters involving the Debtor is representation solely of Rabbi Mayer Zaks in the Bankruptcy Court in <u>Mosdos Chofetz Chaim Inc., Rabbi Mayer Zaks, derivatively on behalf of Mosdos Chofetz Chaim Inc.,Sima Weintraub, derivatively on behalf of Mosdos Chofetz Chaim Inc., Daniel Rosenblum, derivatively on behalf of Mosdos Chofetz Chaim Inc., Joseph Grunwald, derivatively on behalf of Mosdos Chofetz Chaim Inc., and Yisroel Hochman, derivatively on behalf of Mosdos Chofetz Chaim Inc., Plaintiffs, -Against- Mosdos Chofetz Chaim Inc., Chofetz Chaim Inc., Tbg Radin Llc, Shem Olam Llc., Congregation Radin Development Inc., Aryeh</u>

<u>Zaks, Beatrice Waldman Zaks, Henoch Zaks, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz and Sterling National Bank, Defendants</u>, Adversary Proceeding Number 20-8949 ("20-8949") and the associated appeals of adverse decisions to the U.S. District Court for the Southern District of New York (the "District Court").[1]

5. DHC did **not** appear in the following matters in the Bankruptcy Court or subsequent appeals of orders therein:

    a) <u>In re Mosdos Chofetz Chaim, Inc.</u>, Case No. 12-23616 (the "Main Chapter 11 Case");

    b) <u>Congregants of Mosdos Chofetz Chaim Inc. a/k/a Kiryas Radin, Plaintiffs, -Against- Mosdos Chofetz Chaim Inc., Chofetz Chaim Inc., TBG Radin LLC, Shem Olam, LLC, Congregation Radin Development Inc., Aryeh Zaks, Beatrice Waldman Zaks, Mendel Zaks, Gittel Zaks, Layosh, Eliyahu Layosh, Samuel Markowitz, Deborah Zaks Hillman, Yom T. Henig, Steven Green, Daniel Green, Abraham Zaks and Sterling   National Bank, Defendants</u>, Adv. Proc. No. 21-7023 ("21-7023"); and/or

---

[1] The Adversary Proceeding number is being used as a "defined term" because of the similarity in names of some of the proceedings.

3

  c) <u>Aaron Gewirtzman on behalf of themselves and all other similarly situated individual, as congregants of the synagogue located at 1−60 Kiryas Radin Drive, Spring Valley, New York 10977 Avrohom Gottheil on behalf of themselves and all other similarly situated individual, as congregants of the synagogue located at 1−60 Kiryas Radin Drive, Spring Valley, New York 10977 Plaintiff(s),−against− Chofetz Chaim Inc. , Congregation Radin Development Inc., Aryeh Zaks, Gittel Zaks, Layosh Eliyahu, Layosh, Samuel Markowitz, Deborah Zaks, Hillman Yom T. Henig, Steven Green, Daniel Green, Abraham Zaks and Sterling National Bank</u>, Adv. Proc. No. 21-7028 ("21-7028").

  6. Out of an abundance of caution DHC is making clear that it wishes to terminate any and all involvement with Mayer Zaks in these proceedings in any capacity.

  7. DHC has not been able to communicate openly and frankly in this matter. DHC obviously cannot go into detail but will, if requested, disclose these matters <u>in camera</u> or in sealed pleadings. A bit of background, however, is in order.

### COMMENCEMENT OF ADVERSARY PROCEEDING NO. 20-8949, PRIOR REPRESENTATION BY OTHER COUNSEL AND PRO SE ACTIVITIES OF MAYER ZAKS

  8. On October 25, 2019, I am advised that the case <u>Mosdos Chofetz Chaim Inc. v. Mosdos Chofetz Chaim Inc., TBG Radin LLC and Shem Olam, LLC</u> was commenced in Supreme Court, Rockland County, Index Number 36069/2019. After the filing of an amended complaint involving more parties, the Debtor removed this case to the U.S. District Court for the

Southern District of New York, where it was referred to this Court, and assigned Adv. Proc. No. 20-8949.

9. Initially, Mayer Zaks was represented by Otterbourg P.C. and Mosdos Chofetz Chaim Inc., Rabbi Mayer Zaks, derivatively on behalf of Mosdos Chofetz Chaim Inc., Sima Weintraub, derivatively on behalf of Mosdos Chofetz Chaim Inc., Daniel Rosenblum, derivatively on behalf of Mosdos Chofetz Chaim Inc., Joseph Grunwald, derivatively on behalf of Mosdos Chofetz Chaim Inc. and Yisroel Hochman, derivatively on behalf of Mosdos Chofetz Chaim Inc. (collectively, "Adversary Proceeding Plaintiffs") were represented by Twersky PLLC.

10. Twersky was relieved as counsel by Order of this Court dated January 8, 2021, effective as of January 7, 2021. Docket No. 83, Adv. Proc. 20-8949.

11. Otterbourg P.C. was relieved as counsel by Order of this Court. Docket No. 98, Adv. Proc. 20-8949 dated January 25, 2021, effective as of the close of business January 21, 2021.

12. On January 27, 2021 the Court entered an Order Partially Granting Motion of Defendants Mosdos Chofetz Chaim and Rabbi Aryeh Zaks for In Limine Relief and Precluding Submission of Certain Evidence by Plaintiffs ("In Limine Order", Docket No. 101, Adv. Proc. 20-8949).

13. On February 8, 2021, Mayer Zaks, acting Pro Se, filed a Motion for Reconsideration of the In Limine Order ("Pro Se Reconsideration Motion", Docket No. 103, Adv. Proc. 20-8949). The Pro Se Reconsideration Motion was filed more than one month prior to DHC's being approached by Mayer Zaks.

14. Also on February 8, 2021, Avrum Vann, Esq., acting as attorney for the

5

Adversary Proceeding Plaintiffs, filed a Motion for Reconsideration of the In Limine Order ("Plaintiffs' Reconsideration Motion", Docket No. 104, Adv. Proc. 20-8949).

### RETENTION OF DHC BY RABBI MAYER ZAKS IN THID ADVERSARY PROCEEDING

15. Rabbi Mayer Zaks approached DHC and, for the first time, met with DHC at its White Plains, New York offices on or about March 22, 2021 in connection with: (1) the hearing on the motion of the defendants to dismiss after trial in Adversary Proceeding No. 20-8949 scheduled for March 26, 2021; and (2) the Plaintiffs' Reconsideration Motion.

16. On March 24, 2021 DHC filed a Notice of Appearance on behalf of Mayer Zaks. James B. Glucksman's notice of appearance is docketed as Docket No. 141. My notice of appearance is docketed as Docket No. 142.

### THE MARCH 26, 2021 HEARING

17. At the hearing on March 26, 2021 (the "March 26,2021 Hearing") the Court decided to grant Defendants' motion to dismiss the Adversary Proceeding after trial and to deny Plaintiffs' Reconsideration Motion.

18. Paragraph 6 of the Dismissal Order states as follows:

> The Adversary Proceeding Complaint in this Adversary Proceeding is dismissed with prejudice as to the Plaintiffs, and the Clerk of the Court is hereby directed to close this Adversary Proceeding. Except to the extent that claim preclusion or issue preclusion may apply, the dismissal of this Adversary Proceeding is without prejudice to the rights of any person or entity that is not a party to this Adversary Proceeding, including, without limitation, the Attorney General of the State of New York.

19. Thus, within certain limits and strictures, other parties were, on the basis of the Dismissal Order, free to assert their rights.

20. On April 2, 2021 DHC filed notices of appeal of both the Reconsideration Order

and the Dismissal Order with the U.S. District Court for the Southern District of New York (the "Notices of Appeal"). The appeals have been assigned District Court proceeding numbers 21-2872 (PMH) and 21-2878 (PMH) and are the subject of this motion to be relieved as counsel.

21. Mayer Zaks and Adversary Proceeding Plaintiffs unsuccessfully sought a stay pending appeal pursuant to Fed.R.Bankr.P. Rule 8007(b) from the U.S. District Court.

### PROCEEDINGS ON PRO SE RECONSIDERATION ORDER

22. During the week commencing May 3, 2021 I was contacted by Dorothy Li, Courtroom Deputy, regarding the Pro Se Reconsideration Motion.

23. Mr. Glucksman advises me that he stated that he would make an inquiry, but indicated that my understanding was that the "Reconsideration Motion" being referred to was the one made by Avrum Vann, Esq., counsel for the Adversary Proceeding Plaintiffs (Docket No. 104, ECF Docket 20-8949)[2] and that the motion had been denied (ECF Docket No. 148).

24. Later, Ms. Li or Judge Drain's law clerk, Leslie Wybiral, Esq. clarified that the inquiry concerned the Pro Se Reconsideration Motion (Docket No. 103, Adv. Proc. 20-8949).

25. Mr. Glucksman stated that his understanding was, and remains, that the filing of the Notices of Appeal deprived the Bankruptcy Court of jurisdiction over the matters subsumed within the previously pending adversary proceeding. See, e.g. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

26. Annexed hereto as Exhibit "1" is a copy of an email chain concerning the Pro Se

Reconsideration Motion starting with an email from Judge Drain's law clerk, Leslie Wybiral, Esq. dated May 11, 2021 to Mr. Glucksman, copied to Michael Levine, Esq., Counsel to the Debtor stating:

> Rabbi Mayer Zaks filed a February 8, 2021 *pro se* letter motion [DE-103] for "reconsideration for me to put forth additional explosive evidence" that was set for a hearing on March 26, 2021 and subsequently adjourned. Rabbi Zaks' motion is still open on the docket. Judge Drain would like to know if you want the Court to schedule a hearing? Please let us know how you intend to proceed.

27. On the afternoon of Friday, May 14, 2021 Mr. Glucksman received a call from Mr. Levine making inquiry. Mr. Levine wrote Mr. Wybiral, stating:

> I am inquiring as to whether you received a response to the below e-mail (or either of the prior two making the same request).
>
> Mike Levine

28. Ms. Wybiral then wrote :

> Mr. Glucksman called me shortly after I sent the last email. He said that he was waiting to hear from his client. I explained that the Court did not want to leave the matter that open-ended and asked exactly when I would receive a response. Mr. Glucksman said that he hoped it would be that same day or within the next couple of days. I have not heard back from anyone since that phone call. I do know that the Court does not intend to let the matter linger. I will speak to Judge Drain about it. We have a trial this afternoon so I may not get back to the parties until Monday.

29. Mr. Glucksman responded immediately to Mr. Wyrbiral, copy to Mr. Levine:

> I am still awaiting client input. Please note that Monday and Tuesday are religious holidays for observant Jews.

30. DHC had every reason to expect that Mr. Glucksman would have the time to contact the client since Sunday, May 16, 2021, prior to sundown was not a period covered by

---

[2] Unless otherwise stated, ECF docket numbers refer to the ECF docket of the Bankruptcy Court.

8

religious observance.

    31.    Mr. Levine wrote back on May 14, 2021 at 4:29 p.m.:

> It is difficult to understand how this decision can possibly take this long, especially when your client is using the purported "pendency of litigation" to interfere with the municipal enforcement of my client's property rights. Why is the determination as to whether to seek a hearing on a filed motion, or to withdraw the same, so challenging?

    32.    Ms. Wybiral wrote back:

> Mr. Levine:
> Per Judge Drain, please get a date for a hearing date from Ms. Li and notice it.

    33.    On May 14, 2021 Mr. Glucksman the Court:

> **Subject:** RE: Mosdos v. Mosdos 20-ap-08949
> We are likely to withdraw the letter request (ECF Docket 103) as the letter request has been designated as part of the record on appeal. We will advise on Monday.

    34.    On May 16, 2021 Mr. Glucksman Mr. Wybiral, copied to all counsel, stating

> "Dear Ms. Wybiral:
>
> I conferred by telephone with the client Friday evening. He has advised me that as of now our office is not representing Rabbi Mayer Zaks on this matter. I will advise further.
>
> Very truly yours,:

    35.    The Court should take cognizance of the facts that: a) we assumed and still assume that the pendency of the appeal deprives the Court of jurisdiction over the Pro Se Reconsideration Motion; and b) that as attorneys DHC, as attorneys, is powerless to take action without client consent.

**COMMENCEMENT AND REMOVAL OF ADVERSARY PROCEEDING NO. 21-7023**

36. From a review of the court dockets, I have been able to ascertain that on April 13, 2021 a proceeding was commenced in Supreme Court, Rockland County, by Congregants of Mosdos Chofetz Chaim Inc. a/k/a Kiryas Radin. The proceeding was entitled <u>Congregants of Mosdos Chofetz Chaim Inc. a/k/a Kiryas Radin, Plaintiffs v. Mosdos Chofetz Chaim Inc, Choefetz Chaim Inc, TBG Radin LLC, Shem Olam LLC, Congregation Radin Development Inc., Aryeh Zaks, Beatrice Waldman Zaks, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz, Yom T Henig, Steven Green, Daniel Green, Abraham G Zaks, and Sterling National Bank</u>, Index Number 031920/2021.

37. Plaintiffs, in that proceeding, represented by Brian Condon, Esq. were able to obtain a temporary restraining order in Supreme Court, Rockland County (the "TRO").

38. After this TRO was obtained, the Debtor removed this proceeding on April 18, 2021, and was assigned, on removal, Adv. Proc. No. 21-7023.

39. By reviewing the Court docket and reading the transcript of the hearing held on April 28, 2021 I was able to ascertain that the Court vacated the TRO.

40. The Court should note that at no time did DHC appear in this proceeding, 21-7023. DHC did not file a Notice of Appearance. DHC did not file any papers or pleadings.

41. It is my understanding that while DHC represents Mayer Zaks (and not any other Adversary Proceeding Plaintiffs) in 20-8949 it does not represent any party in 21-7023.

42. I also note that Mayer Zaks is not a party to Adv. 21-7023.

43. Mr. Glucksman asked Mayer Zaks if he wished DHC to appear in connection with this proceeding. We were told **<u>unequivocally</u>** that we had no authority to appear.

44. Notwithstanding, because of the obvious dilemma in which our client was placing

DHC, we decided to monitor the Court proceedings on May 21, 2021 as a spectator, on CourtSolutions, in the "listen only" mode. Mr. Glucksman was the spectator. Monitoring a proceeding open to the general public does not transform a spectator into a participant. Monitoring a proceeding does not imply an appearance in a proceeding. As a spectator on CourtSolutions in a "listen only" mode Mr. Glucksman could not respond to the Court's statements.

45. Since DHC did not have authority to represent Mayer Zaks in connection with 21-7023 and indeed Mayer Zaks was not one of the Plaintiffs in the action as removed, nor impleaded as a third-party defendant, DHC had no representation from which to withdraw from that proceeding.

46. Indeed, Mr. Levine states, at Page 4 Lines 4 through 16 of the May 21, 2021 hearing transcript as follows:

> MR. LEVINE: Your Honor, I'm sorry to interrupt. In lieu of the fact no one else has appeared, I should advise the 6 court as to the following. Last night at 10:29 p.m., I received 7 an email from Brian Condon, the Plaintiffs' attorney, that said 8 as follows: "Michael, good evening. My clients have just two 9 minutes ago terminated my services. I'm going to ask the court 10 tomorrow for a very short adjournment of your motion so that 11 they can obtain new counsel. Please advise that you consent to 12 the same." 13 This morning, Your Honor, I advised Mr. Condon, I do 14 not consent to the request for the adjournment. That you have 15 to move to withdraw. And I noted that Mr. Brian Condon just 16 filed at 10:44 a.m. a letter to the court. I don't know if the 17 court has seen it or not. But it basically…

47. On May 21, 2021 Brian Condon, who is the attorney for Plaintiffs in Adv. Proc. No. 21-7023, e-filed a letter, requesting an adjournment of the hearing in Adversary Number 21-7023. The Court read this record into the record, at Page 4 Line 22 to Page 5 Line 17 stating

11

> THE COURT: -- it being, the time, basically 10:50 (referring to the time of receipt) Which says, "Honorable Sir, as you may recall, I am the counsel 23 for the Plaintiffs, Congregants of Mos Chofetz Chaim Inc. Last 24 night, my services were terminated by my client. I will be appearing this morning at the 11:00 a.m. conference." I don't 1 know why it was viewed as an 11:00 a.m. conference. "But wanted 2 to advise the court that I will be asking for an adjournment of 3 the motion for preclusion order as against "anyone who receives 4 notice from CCI or CRDI not to trespass on the Kiryas Radin 5 property."
>
> I do not represent Rabbi Zaks or anyone in his family. I'm not asking for an adjournment of that part of the motion. I believe that a preclusion order against anyone who receives a letter, includes tenants and other congregants who are not involved in this dispute and who are not disrupting services, I believe that relief sought is extremely overbroad. I would like a short adjournment, so my clients and congregants may seek new counsel to argue that aspect of the Mr. Levine's motion. I had asked Mr. Levine for his consent to my request 15 for an adjournment and he has denied my request for the same. I 16 thank the court for its kind consideration."

48. It seems obvious from an inspection of this transcript and the Court's docket that there was some docketing confusion; DHC appears as counsel for Plaintiffs in Adversary No. 20-8949 and Mr. Condon appears as counsel for Plaintiffs in Adversary No. 21-7023.

49. The client learned that we had appeared in "listen only" mode, and on May 26, 2021 requested that we prepare a written statement that we had not appeared.

50. Thus, on May 28, 2021, in response to this demand, Mr. Glucksman filed a lengthy declaration (Adv. Proc. No. 21-7023, ECF Docket No. 29, the "May 28, 2021 Declaration").

51. Mayer Zaks then emailed to Dorothy Li, Courtroom Deputy a letter, a copy of which is annexed hereto as Exhibit "2", ECF Docket No. 30 (the "May 28, 2021 Letter").

52. Rule 1.16 of the Rules of Professional Conduct, as effective April 1, 2009 states, in relevant part:

12

(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;

(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

53. DHC does not believe that it is advisable to further state in detail the circumstances giving rise to certain of the above issues. DHC will provide further explanation if the Court so requests.

54. Notwithstanding, DHC submits that it is unable to successfully represent clients in situations where differences of opinion render it unreasonably difficult to carry out DHC's employment effectively.

55. Further, Mayer Zaks has not complied with the terms of the agreement under with DHC represents Mayer Zaks in terms of payment. Specifically, Jonathan Pasternak, Esq. emails Mayer Zaks, c/o of his son Shimon Zaks, a demand for additional funds. Under these circumstances further representation is an unreasonable hardship.

56. Relevant here, Rule 1.16 of the NYRPC permits withdrawal based on a client's deliberate failure to pay fees. N.Y. Prof. Conduct Rule 1.16(c)(5) ("[A] lawyer may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to fees or expenses."). It also permits withdrawal in the event of an

13

irreconcilable difference between attorney and client. See N.Y. Prof. Conduct Rule 1.16(c)(4) (permitting withdrawal where "the client insists upon taking action with which the lawyer has a fundamental disagreement"); Rule 1.16(c)(7) (permitting withdrawal where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively").

57. In view of these provisions within Rule 1.16, courts have recognized that the nonpayment of fees may constitute sufficient grounds for withdrawal where it is combined with a client's failure to cooperate, or where the client has rendered it unreasonably difficult for the attorney to carry out its responsibilities. United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006); United States v. Lawrence Aviation Indus., No. CV-06-4818(JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011).

58. Accordingly, DHC requests that it be permitted to permissively withdraw as counsel for Mayer Zaks and will of take such steps as are necessary to ensure an orderly transition of the matters to new counsel.

59. I declare, under penalty of perjury, that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

**WHEREFORE,** DHC requests that it be granted its requested to be relieved as counsel for Mayer Zaks, together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: White Plains, New York
June 18, 2021

                                          DAVIDOFF HUTCHER & CITRON LLP
                                          Outgoing Attorneys for the Debtor
                                          120 Bloomingdale Road
                                          White Plains, New York 10605
                                          (914) 381-7400

                                          By: */s/ Robert L. Rattet*
                                                 Robert L. Rattet