UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RABBI MAYER ZAKS, et al.,

           Appellants,

-against-

MOSDOS CHOFETZ CHAIM INC., et al.,

           Appellees.

**MEMORANDUM OPINION AND ORDER**

21-CV-02872 (PMH)

21-CV-02878 (PMH)

PHILIP M. HALPERN, United States District Judge:

      On April 2, 2021, the Bankruptcy Court issued two orders in the underlying adversary proceeding captioned *In re Mosdos Chofetz Chaim Inc.*, No. 20-08949 (Bankr. S.D.N.Y. 2021) ("Adv. Proc."): (1) an Order Denying Motion by Plaintiff Mosdos Chofetz Chaim Inc. for Reconsideration, Reargument and/or Relief from the Court's January 27, 2021 Order (*id.*, Doc. 148) and (2) an Order Granting Motion of Defendants Mosdos Chofetz Chaim and Rabbi Aryeh Zaks to Dismiss Adversary Proceeding Complaint After Trial and Related Relief (*id.*, Doc. 149). On April 5, 2021, Mosdos Chofetz Chaim Inc. ("Mosdos") and Rabbi Mayer Zaks ("Rabbi Mayer," together with Mosdos, "Appellants") appealed from both orders. These two appeals—captioned *In re Mosdos Chofetz Chaim Inc.*, No. 21-CV-02872 (S.D.N.Y. 2021) ("*Mosdos I*") and *In re Mosdos Chofetz Chaim Inc.*, No. 21-CV-02878 (S.D.N.Y. 2021) ("*Mosdos II*")—form the basis of this Memorandum Opinion and Order.

      On April 9, 2021, Appellants filed an emergency motion for a temporary restraining order on the docket for *Mosdos II*, seeking a stay of the Bankruptcy Court's April 2, 2021 orders. (*Mosdos I*, Docs. 12-13; *Mosdos II*, Docs. 11-12). The Court held a telephonic conference regarding the emergency application on April 13, 2021, during which Appellants' motion was denied on the record due to their failure "to address, much less meet, the burden of proof." (April

13, 2021 Min. Entry). Following that conference, the Court issued an Order to Show Cause and set a briefing schedule on Appellants' motion for a preliminary injunction. (*Mosdos I*, Doc. 16; *Mosdos II*, Doc. 16). Appellants withdrew and abandoned their preliminary injunction motion on May 24, 2021. (*Mosdos I*, Doc. 26; Mosdos *II*, Doc. 31).

On May 14, 2021, Appellants filed a Joint Statement of Issues to Be Presented and Amended Designation of Items to Be Included in the Record on Appeal. (*Mosdos I*, Doc. 24; *Mosdos II*, Doc. 27). On July 14, 2021 Appellants filed their opening brief. (*Mosdos I*, Docs. 36, "App't Br.").[1] On September 1, 2021, Mosdos, Congregation Radin Development Inc. ("CRDI"), Chofetz Chaim Inc., TBG Radin LLC, Shen Olam LLC, Rabbi Aryeh Zaks, Beatrice Waldman Zaks, Henoch Zaks, Mendel Zaks, Gittel Zaks Layosh, and Samuel Markowitz (collectively, "Appellees") filed their opposition brief. (*Mosdos I*, Doc. 44; *Mosdos II*, Doc. 47, "Opp."). On September 2, 2021, Appellees filed their designation of items to be included in the record on appeal. (*Mosdos I*, Doc. 45; *Mosdos II*, Doc. 48). The matter was deemed fully briefed on October 8, 2021 with the filing of Appellants' reply brief. (*Mosdos I*, Doc. 48; *Mosdos II*, Doc. 52).

## BACKGROUND

These tandem appeals, among others,[2] are part of a long-running quarrel between two rabbis—brothers, no less—regarding the transfer of real property located at 1-60 Kiryas Radin Drive, Spring Valley, New York 10977 (the "Property") from Mosdos to CRDI under Mosdos's Second Amended Plan of Reorganization (the "Plan") (Doc. 45 at A-79) and the Bankruptcy Court's October 2, 2019 Findings of Fact, Conclusions of Law and Order Confirming the Second

---

[1] Appellants filed an identical copy of their opening brief again on July 15, 2021. (*Mosdos I*, Doc. 37).

[2] *See, e.g.*, *In re Mosdos Chofetz Chaim, Inc.*, No. 21-CV-05654 (S.D.N.Y. 2021); *In re Mosdos Chofetz Chaim Inc.*, No. 21-CV-08691 (S.D.N.Y. 2021); *In re Mosdos Chofetz Chaim Inc.*, No. 21-CV-09186 (S.D.N.Y. 2021); *In re Mosdos Chofetz Chaim Inc.*, No. 21-CV-09256 (S.D.N.Y. 2021); *Congregation Radin Dev. Inc., et al. v. Yom T. Henig, et al.*, No. 21-cv-05679 (S.D.N.Y. 2021).

Amended Plan of Reorganization of Mosdos Chofetz Chaim (the "Confirmation Order") (*id*. at A-117). One of the Appellants, Rabbi Mayer, in an attempt to upset the hitherto interpretation and implementation of the Plan and Confirmation Order, has argued time and again that, for sundry reasons, the Bankruptcy Court should invalidate the transfer of Property. All of Rabbi Mayer's efforts to date, have failed.

The Court assumes the parties' familiarity with the rest of the underlying facts and the procedural history of these appeals.

## STANDARD OF REVIEW

Where—as here—the Court exercises its appellate jurisdiction over proceedings in the United States Bankruptcy Court, *see* 28 U.S.C. § 158(a), it:

> may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106; *see also In re Bernard L. Madoff Inv. Secs., LLC*, No. 15-CV-01151, 2016 WL 183492, at *8 n.14 (S.D.N.Y. Jan. 14, 2016) (explaining that, although Federal Rule of Bankruptcy Procedure 8013 was amended and language explaining that the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings" was removed, the authority remains because "logic compels" that result "with respect to the appellate powers of the District Court" (internal quotation marks omitted)), *aff'd sub nom. Matter of Bernard L. Madoff Inv. Secs., LLC*, 697 F. App'x 708 (2d Cir. 2017).

When sitting in this appellate capacity, a district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law *de novo*. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the

Bankruptcy Court's findings of fact for clear error, [and] its conclusions of law *de novo* . . . ." (internal citations omitted)); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact for clear error."). "A district court 'may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases relied upon in the decision[] below.'" *In re Ampal-Am. Israel Corp.*, 554 B.R. 604, 617 (S.D.N.Y. 2016) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (Bankr. S.D.N.Y. 2010)), *aff'd*, 691 F. App'x 12 (2d Cir. 2017). "That said, the district court may not consider evidence outside the record below." *Id*.

## ANALYSIS

I. Waiver

Appellants, in seeking reversal of the Bankruptcy Court's April 2, 2021 Orders, press five separate arguments. First, Appellants argue that the Bankruptcy Court contravened the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011) by entering final judgment in the underlying adversary proceeding. (App't Br. at 6-10). Second, Appellants argue that the Bankruptcy Court erred in narrowing the dispositive issues for trial in the underlying adversary proceeding. (*Id*. at 10-13). Third, Appellants argue that the Bankruptcy Court erred in granting the defendants' motion *in limine* in the underlying adversary proceeding, which sought various forms of relief, including sanctions for spoliation of evidence. (*Id*. at 13-22). Fourth, Appellants argue that the Bankruptcy Court erred in finding that they had waived certain provisions of New York law. (*Id*. at 22-23). Fifth, and finally, Appellants argue that the Bankruptcy Court violated the First Amendment by improperly intruding upon Mosdos's religious autonomy. (*Id*. at 23-25).

4

As a threshold matter, Appellees' opposition highlights that Appellants are raising each of these arguments "for the first time on this appeal." (Opp. at 2, 11-12, 32-33, 35). It is well-settled that "any argument not raised in the bankruptcy court is considered waived and will not be considered by the district court, unless such a waiver would result in manifest injustice." *In re Ampal-Am. Israel Corp.*, 554 B.R. at 617-18; *see also In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (finding that a failure to raise an argument in the bankruptcy court waived the argument, absent a discretionary decision to the contrary).[3] Appellants, in their reply brief, do not respond to Appellees' contention that these arguments are raised for the first time on appeal, and are therefore, subject to waiver. Indeed, Appellants "provide[] no justification for [their] silence in the Bankruptcy Court." *In re Markus*, 620 B.R. 31, 37 (S.D.N.Y. 2020). Put simply, there is no evidence of manifest injustice to Appellants resulting from this Court's refusal to consider their arguments for the first time now, and Appellants have offered no excuse for failing to raise these arguments during the bankruptcy proceedings. *See In re Best Payphones, Inc.*, 432 B.R. 46, 60 (S.D.N.Y. 2010), *aff'd*, 450 F. App'x 8 (2d Cir. 2011). Accordingly, each and every argument raised by Appellants has been waived and will not be considered by the Court.

Even if Appellants' arguments had been raised in the proceeding before the Bankruptcy Court, they are substantively meritless for the following reasons.

---

[3] *In re Fayolle*, 159 F. App'x 221, 222 (2d Cir. 2005) (affirming district court and holding that "plaintiff waived all arguments not presented in the proceeding before the Bankruptcy Court"); *In re Benyamin*, No. 17-CV-12677, 2020 WL 2832815, at *8 (S.D.N.Y. June 1, 2020) ("Having never argued to the bankruptcy court that the declaration establishes that Freddie Mac owned the Note, Ditech cannot so argue for the first time on appeal."); *In re Grubb & Ellis Co.*, 523 B.R. 423, 442 n.12 (S.D.N.Y. 2014) ("[D]istrict courts considering appeals from bankruptcy court refuse to consider arguments that were not properly presented to the bankruptcy court."); *In re Hoti Enters., L.P.*, No. 12-CV-05341, 2012 WL 6720378, at *3 (S.D.N.Y. Dec. 27, 2012) ("Issues not raised before the Bankruptcy Court cannot be made for the first time on appeal to this Court . . . ."), *aff'd*, 549 F. App'x 43 (2d Cir. 2014); *In re GE-Ray Fabrics, Inc.*, No. 06-CV-13744, 2007 WL 646284, at *1 (S.D.N.Y. Mar. 1, 2007) (Chin, J.) ("On appeal, Nobland principally relies on arguments that it did not raise before the Bankruptcy Court, arguments that it therefore has waived.").

II.     The Bankruptcy Court's Jurisdiction

Unsatisfied with the Bankruptcy Court's dismissal of the adversary proceeding, Appellants now insist that the Supreme Court's decision in *Stern* renders that final judgment infirm. (App't Br. at 6-10). Appellees, in opposition, contend that Appellants' reliance on *Stern* is misplaced. The Court agrees with Appellees.

In *Stern*, the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern*, 564 U.S. at 503. "The thrust of *Stern* is that Congress' designation of all counterclaims as 'core' cannot supersede the Constitution's designation of judicial power in Article III courts, whose judges are protected from improper influence of the other branches by life tenure and established salaries." *In re Salander O'Reilly Galleries*, 453 B.R. 106, 115 (Bankr. S.D.N.Y. 2011), *aff'd sub nom*. *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9 (S.D.N.Y. 2012).

What Appellants do not mention in their briefs, however, is that "*Stern* is replete with language emphasizing that the ruling should be limited to the unique circumstances of that case." *Id.*; *see also Stern*, 564 U.S. at 502 (describing the question presented in *Stern* as "a 'narrow' one"); *In re Quigley Co., Inc.*, 676 F.3d 45, 52 (2d Cir. 2012) ("The Supreme Court in *Stern* indicated that its holding was a narrow one."). Indeed, *Stern* "does not impact a bankruptcy court's ability to enter a final judgment in any other type of core proceeding authorized under 28 U.S.C. § 157(b)(2)." *In re Peacock*, 455 B.R. 810, 812 (Bankr. M.D. Fla. 2011). Therefore, because the facts and legal issues of the below adversary proceeding differ mightily from those in *Stern*, Appellants' argument that *Stern* precluded the Bankruptcy Court from entering final judgment is unfounded.

III.   The Bankruptcy Court's "Limitation of the Issues"

Appellants' next argument—that the Bankruptcy Court's streamlining of the contested issues for trial in the below adversary proceeding, was tantamount to "dismiss[ing] [their] complaint . . . without giving [them] an opportunity to be heard"—is similarly unavailing. *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (internal citation and quotation marks omitted). Recognizing that Appellants' claims for relief rose and fell on two dispositive issues, the Bankruptcy Court issued a pre-trial bench ruling on March 16, 2020 (Adv. Proc., Doc. 21 at 33:12-25, 34:1-2), and a subsequent order on March 26, 2020, boiling the issues for trial down to the following:

> (i) whether the corporate governance of the Reorganized Debtor and the identity of the Reorganized Debtor's Board of Trustees on (a) the Confirmation Date and (b) the post-Confirmation Date transfer of the Property by the Reorganized Debtor were in compliance with the Plan and Confirmation Order, and (ii) subject to any right under New York's "parole evidence rule," whether the Confirmation Order approved the Reorganized Debtor's post-Confirmation Date transfer of the Property without the requirement of any additional approval under applicable New York law, and, if not, whether such approval was obtained . . . .

(*Id.*, Doc. 17 at 4). Put differently, the Bankruptcy Court identified for trial the following inquiries, which, if answered affirmatively, doomed all of Appellants' claims:

1. Was the composition of Mosdos's Board the same on the date of Confirmation, i.e., October 2, 2019, and the date of the post-Confirmation transfer of the Property?

2. Did the Plan and Confirmation Order permit the sale of the Property without any further court or Attorney General approval?

(Opp. at 35-36). Following Appellants' presentation of evidence at trial, Appellees moved to dismiss the adversary proceeding based on Appellants' failure to meet their burden of proof on these two issues. (Adv. Proc., Doc. 149). The Bankruptcy Court granted that motion in a March

7

26, 2021 bench ruling and April 2, 2021 written order. (Adv. Proc., Docs. 149, 161). It bears emphasis that, up until now, Appellants did not object to the Bankruptcy Court's delineation of the issues for trial. (Opp. at 33-35).

It is well within a trial court's discretion to simplify the issues for trial. *See Arnone v. CA, Inc.*, No. 08-CV-04458, 2009 WL 362304, at *1 (S.D.N.Y. Feb. 13, 2009) (court issued pretrial bench ruling "narrowing the issues for trial"); *N.A.A.C.P. v. Acusport Corp.*, 210 F.R.D. 446, 454 (E.D.N.Y. 2002) ("Trial courts have broad discretion to manage proceedings in the interests of justice, fairness, and economy. This discretion includes the power to formulate and simplify the issues." (internal citations omitted)); *Leumi Fin. Corp. v. Hartford Acc. & Indem. Co.*, 295 F. Supp. 539, 542 (S.D.N.Y. 1969) ("Pretrial hearings and orders serve to narrow legal issues for trial."). This is especially true, where, as in the adversary proceeding below, doing so was likely to promote a more efficient presentation of the dispositive issues. Accordingly, the Bankruptcy Court did not err by sharpening its pencil and identifying the dispositive issues for trial.

IV. Motion *In Limine*

On September 2, 2020, Mosdos and Aryeh Zaks moved for *in limine* relief—including sanctions for acts of spoliation attributed to Rabbi Mayer that resulted in the destruction of relevant evidence—in the below adversary proceeding. (Adv. Proc., Doc. 52). On January 27, 2021, the Bankruptcy Court partially granted this motion. (*Id.*, Doc. 101). Appellants do not challenge the substance of the Bankruptcy Court's ruling; rather, they argue that the Bankruptcy Court deprived Mosdos of due process by entering the *in limine* order at a time when Mosdos was purportedly not represented by counsel. It is apparent from the record, however, that Mosdos was "excellent[ly]" represented by the attorneys identified by the Bankruptcy Court as "most qualified to oppose the

motion *in limine*" during that motion's pendency. (*Id*., Doc. 160 at 47:22-48:6). Therefore, the Court finds no error in the Bankruptcy Court's ruling.

At a hearing held on March 26, 2021, the Bankruptcy Court found that Rabbi Mayer and Mosdos were "effectively the same" for purposes of the *in limine* motion. (*Id*. at 47:6-15).[4] That is because Rabbi Mayer was acting "derivatively on behalf of Mosdos" and because Mosdos "itself as plaintiff, really had no one else in charge of it." (*Id*. at 46:19-24). Therefore, the Bankruptcy Court found that Mosdos's interests, which were shared by Rabbi Mayer, were represented through Rabbi Mayer and his counsel. (*Id*. at 47:10-14).

What's more, when Rabbi Mayer's counsel requested to withdraw their representation during the *in limine* motion's pendency, the Bankruptcy Court affirmatively "kept them in place through the determination of the motion *in limine*," in part to ensure that Mosdos's interests would remain represented. (*Id*., Doc. 160 at 47:22-48:6). From this record, the Court cannot conclude that Mosdos was deprived of due process in connection with the *in limine* motion, when, if anything, the Bankruptcy Court went out of its way to safeguard Mosdos's interests during the pendency of that motion.

V.     Waiver of New York Law

Appellants, in their trial brief filed in the below adversary proceeding, explicitly conceded that "a post-Confirmation sale of the Property was authorized by [the Bankruptcy Court] and approved by the Office of the New York Attorney General in accordance with New York law." (*Id*., Doc. 51 at 1). But, in an about-face, Appellants now argue that (1) "these approvals never

---

[4] Indeed, the Bankruptcy Court opined that "it would be truly inequitable and improper" to allow Mosdos "to benefit from somehow being separate suddenly from [Rabbi Mayer] in this litigation." (Adv. Proc., Doc. 160 at 47:10-14).

occurred" and (2) the Bankruptcy Court erred in finding that Appellants had waived these approval requirements. (App't Br. at 22-23).

Appellants' argument, however, mischaracterizes the Bankruptcy Court's ruling. The Bankruptcy Court did not find that Appellants waived the approval requirements. Rather, the Bankruptcy Court recognized Appellants' argument for what it really was: a naked reversal of position in direct opposition to that which was previously conceded in their trial brief. (Adv. Proc., Doc. 161 at 41:12-16). The Bankruptcy Court, therefore, correctly deemed this argument waived. Even if the argument was not waived (which it was), it is wholly unsupported by case law, and therefore, unpersuasive.

VI. <u>Mosdos's Religious Autonomy</u>

Lastly, Appellants argue that "[t]he Bankruptcy Court's failure to properly analyze the true nature of the governance of Mosdos, and instead applying common corporate structure tests, violates the Constitutional right of Mosdos to have its ecclesiastical leadership control all facets of its governance in compliance with its religious obligations." (App't Br. at 23). While the First Amendment's Establishment Clause precludes civil courts from wading into "controversies over religious doctrine and practice," it does not preclude them from applying "neutral principles of law" to disputes between religious parties. *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969). The Bankruptcy Court, at Appellants' own request, resolved questions about Mosdos's corporate governance under New York statutes—i.e., neutral principles of law. (Opp. at 45-46). The Bankruptcy Court did not, as Appellants now argue, entangle itself in Mosdos's religious autonomy and Appellants do not cite a single instance in the record to support their argument that the Bankruptcy Court did so. Accordingly, Appellants' First Amendment argument is without merit.

**CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's April 2, 2021 Orders docketed at Adv. Proc., Doc. 148 and Doc. 149 are AFFIRMED.

The Clerk of the Court is respectfully directed to terminate these cases.

**SO ORDERED:**

Dated:   White Plains, New York
             December 7, 2021

_____
PHILIP M. HALPERN
United States District Judge